Elena BROWN, Plaintiff–Appellant,

v.

ST. PAUL TRAVELERS COMPANIES, INC., also known as St. Paul Travelers Company, Inc., Defendants–Appellees.

No. 08–3311–cv.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Josephine A. Greco (Duane D. Schoonmaker, on the brief), Offerman, Cassano, Greco, Slisz & Adams, LLP, Buffalo, NY, for Plaintiff–Appellant.

Robert C. Petrulis (Kristin Ulrich Somich, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Cleveland, OH, Mark A. Molloy, Nixon Peabody LLP, Buffalo, NY, on the brief) Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Cleveland, OH, for Defendant–Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, SIDNEY H. STEIN, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Elena Brown appeals from a judgment in favor of defendant-appellee St. Paul Travelers Companies, Inc., ("Travelers") granting defendant's motion to dismiss plaintiff's amended complaint and to compel arbitration of her Age Discrimination in Employment Act claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a district court's order granting a motion to compel arbitration *de novo*. *See Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 n. 2 (2d Cir.2003). "In the context of motions to compel arbitration brought under the Federal Arbitration Act ..., 9 U.S.C. § 4 (2000), the court applies a standard similar to that applicable for a motion for summary judgment.... [T]he summary judgment standard is appropriate in cases where the District Court is required to determine arbitrability, regardless of whether the relief sought is an order to compel arbitration or to prevent arbitration." *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir.2003) (internal citations omitted). A motion to compel arbitration must be dismissed and a trial held "[i]f there is an issue of fact as to the making of the agreement for arbitration." *Id.*

Brown challenges the District Court's finding that an arbitration agreement existed between herself and Travelers. She argues that she is not bound by the arbitration clause in the company's Employee Handbook because she does not recall receiving one and did not sign a receipt slip for the Handbook. Travelers responds that, regardless of whether she remembers receiving the Handbook, Brown is bound by the arbitration policy because the policy was a clear, written statement upon which her continued employment was conditioned. In Travelers' view, by continuing to work after the policy was promulgated and distributed to employees multiple times over the course of Brown's employment, Brown manifested her assent to be bound. We agree with the District Court that under New York contract law, Brown is "deemed to have accepted" the arbitration policy by continuing to work after being advised "that it was her responsibility to 'read and understand' all of the company policies including the arbitration policy." *Brown v. St. Paul Travelers Cos.*, 559 F.Supp.2d 288, 291 (W.D.N.Y.2008).

Although Brown claims that she never signed the Employee Handbook receipt form, and that the Handbook is not a valid "contract," it is "established law of this

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

circuit that a party may be bound by an agreement to arbitrate even in the absence of a signature." *McAllister Bros., Inc. v. A & S Transp. Co.,* 621 F.2d 519, 524 (2d Cir.1980). "Under New York law, the conduct of the parties may lead to the inference of a binding agreement: A contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the presumed intention of the parties as indicated by their conduct. It is just as binding as an express contract arising from declared intention, since in the law there is no distinction between agreements made by words and those made by conduct." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 582 (2d Cir.2006). Brown commenced her employment with Aetna Life and Casualty Company in 1966. In 1996, Travelers bought Aetna and distributed a revised employee handbook to all employees, which included an updated "Employment Arbitration Policy." Even if Brown does not recall receiving the new handbook in 1996 (and although the shift in ownership itself effectively serves as notice that terms of employment might have changed, *cf. Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 845 (2d Cir.1987) (relying on the common usage of arbitration clauses in the textile industry as sufficient notice to contracting parties that such a clause likely applied to them)), Travelers subsequently revised and distributed the written policy in revised handbooks in 1998, 2001, 2002, 2003, and 2004. *St. Paul Travelers,* 559 F.Supp.2d at 290. Further, the Senior Vice President for Human Resources sent an email to all Travelers employees advising them that they were responsible for reading and understanding all company employment policies. The e-mail also provided that abiding by such policies was an "express condition" of continuing employment. *Id.* Brown's continued employment

after these repeated notifications lends force to the presumption that she agreed to be bound to the arbitration policy. Finally, at the end of her employment with Travelers, Brown signed a Confidential Separation Agreement which also provided for resolution through binding arbitration, *see id.,* consistent with the company's mandatory policy and further confirming Brown's assent. We agree with the District Court that "[p]laintiff's statement, that she has no recollection or record of receiving the employee handbook and arbitration policy, despite the fact that it was distributed on at least six occasions during her employment, is ... not sufficient to raise a genuine issue of material fact." *Id.* at 291. Defendant's motion to dismiss Brown's complaint and to compel arbitration was properly granted by the District Court.

### *CONCLUSION*

Accordingly, we AFFIRM the judgment of the District Court.